**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KETNOL PHILOMOND, | No. 18-70708 |
| Petitioner, | Agency No. A209-869-321 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Ketnol Philomond, a native and citizen of Haiti, petitions pro se for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that Philomond failed to establish past persecution or a well-founded fear of future persecution in Brazil on account of a protected ground. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (persecution is an "extreme concept" that includes the "infliction of suffering or harm"); *Nagoulko v. INS*, 333 F.3d 1016, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Philomond's asylum and withholding of removal claims as to Brazil fail.

Philomond fears harm on account of his family membership from unknown men who were engaged in a dispute with his father over his father's land in Haiti. Substantial evidence supports the agency's conclusion that Philomond failed to establish past persecution or a well-founded fear of future persecution in Haiti on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"). Thus, Philomond's asylum and withholding of removal claims as to Haiti fail.

Substantial evidence also supports the agency's denial of Philomond's CAT claim as to Brazil and Haiti because he failed to establish that it is more likely than

18-70708

not he will be tortured by or with the consent or acquiescence of the government of Brazil or Haiti. *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

**PETITION FOR REVIEW DENIED.**

18-70708